# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**JOSHUA STRICKLIN**  **PLAINTIFF**
**ADC #138119**

v.  No: 5:18-cv-00217 KGB-PSH

**FLORENCE HADLEY**  **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Joshua Stricklin filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on August 24, 2018 (Doc. No. 2).[1] On December 30, 2019, defendant Florence

---

[1] In its initial order to Stricklin, the Court notified him of his duty to promptly notify the Clerk and the parties of any change in his address. The Court also notified Stricklin that if any communication from the Court to him is not responded to within 30 days, his case may be dismissed without prejudice. Doc. No. 3.

Hadley filed a motion to compel discovery (Doc. No. 32). The Court entered a text order notifying Stricklin that if he wished to respond to the motion, he must do so within fourteen days (Doc. No. 34). The envelope containing that order was returned to the Court as undeliverable because Stricklin had been paroled. It was entered on the docket (Doc. No. 35).

On January 9, 2020, the Court entered a text order notifying Stricklin that mail sent to him by the Court at his address of record was returned as undeliverable (Doc. No. 36). Stricklin was directed to provide notice of his current mailing address by no later than thirty days from the entry of the January 9, 2020 text order. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend his complaint be dismissed. A printed version of the text order was sent to Stricklin at his last (and only) known address. The envelope containing the Court's January 9 order was returned, again with a notice that Stricklin had been paroled and thus was no longer at the address he provided. The envelope was entered on the docket. *See* Doc. No. 37.

More than 30 days have passed, and Stricklin has not complied or otherwise responded to the January 9 order. Stricklin failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2). Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to

the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that Stricklin's complaint (Doc. No. 2) be dismissed without prejudice and Hadley's Motion to Compel (Doc. No. 32) be denied as moot.

DATED this 14th day of February, 2020.

_____
UNITED STATES MAGISTRATE JUDGE